UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEJANDRO MUNOZ-GONZALEZ, on behalf of himself, individually, and on behalf of all others similarly situated,<br><br>                            Plaintiff,<br><br>    -against-<br><br>D.L.C. LIMOUSINE SERVICE, INC., and CHRIS THORNTON, individually, and MELISSA THORNTON, individually, and JOHN D'AGOSTINO, individually,<br><br>                        Defendants. | **COMPLAINT**<br><br>**Docket No.:**<br><br>Jury Trial Demanded |

ALEJANDRO MUNOZ-GONZALEZ ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively, as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C, as and for his Complaint against D.L.C. LIMOUSINE SERVICE, INC., ("DLC Limo"), and, CHRIS THORNTON, individually, and MELISSA THORNTON, individually, and JOHN D'AGOSTINO, individually, (all, collectively, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

1.      This is a civil action for damages and equitable relief based upon violations that the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the

NYLL's minimum wage provisions, N.Y. Lab. Law § 652(1), NYCCRR tit. 12, § 142-2.1; (v) the requirement that employers pay spread of hours premiums under N.Y. Lab. Law § 652, and NYCCRR tit. 12 § 142 *et seq.*; (vi) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each pay day, N.Y. Lab. Law § 195(3); (vii) the NYLL's requirement that employer furnish employees with a wage notice at hire containing specific categories of accurate information, N.Y. Lab. Law § 195(1); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff, a former employee of Defendants - - a limousine company, its co-owners, and Plaintiff's manager - - worked for Defendants as a driver from January 2013 to July 2013. As described below, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, for the entirety of his employment, the Defendants required Plaintiff to routinely work beyond forty hours in a workweek, but failed to compensate him at the statutorily-required overtime rate for any hours that he worked in excess of forty. Defendants further failed to pay Plaintiff the statutorily-required minimum wage during certain weeks of his employment, and also failed to pay Plaintiff his spread-of-hours pay during these weeks on all days when Plaintiff worked over ten hours, as the NYLL and NYCCRR require.

3.      Additionally, Defendants failed to provide Plaintiff with proper wage statements on each payday or an accurate wage notice at the time of Plaintiff's hire, as the NYLL requires.

4.      Defendants paid and treated all of their drivers in the same manner.

5.      Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of

all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

6.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.   The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district, and 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

9.      At all relevant times herein, Plaintiff worked for Defendants in New York, and was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

10.     At all relevant times herein, Defendant DLC Limo was and is a New York company with its principal place of business located at 10 New King Street, Suite 209, White Plains, New York 10604.

11.     At all relevant times herein, Defendant DLC Limo is an entity that additionally operates and does business under the names of DLC Ground Transportations Services ("DLC Ground") and LSW Chauffeured Transportation ("LSW").   At all relevant times herein, DLC

3

Ground does business at 240 Airport Access Road, Arrivals Terminal - Westchester County Airport, White Plains, New York 10604. In addition, at all relevant times herein, LSW does business at 10 New King Street, Suite 209, White Plains, New York 10604. Furthermore, at all relevant times, DLC Ground and LSW had and have substantially identical, if not completely identical, management, equipment, customers, and/or ownership. They intermingled and intermingle financial books and records with DLC Limo, operated and operate out of the same locations as DLC Limo, and shared and share DLC Limo managerial employees. As a result of the foregoing, a continuity of operations and/or ownership between DLC Limo across its various business locations.

12.    At all relevant times herein, Defendant Chris Thornton ("C. Thornton") was and is a co-owner of Defendant DLC Limo. Defendant C. Thornton personally managed and oversaw the day-to-day operations of Defendant DLC Limo, and, along with her daughter, Melissa Thornton, was ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Defendant C. Thornton had the power to hire and fire and approve all personnel decisions with respect to Defendant DLC Limo employees.

13.    At all relevant times herein, Defendant Melissa Thornton ("M. Thornton") was and is the co-owner, Chief Executive Officer, and Chief Operating Officer of Defendant DLC Limo. Defendant M. Thornton, along with her mother, C. Thornton, personally managed and oversaw the day-to-day operations of Defendant DLC Limo, and was ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Defendant M. Thornton had the power to hire and fire and approve all personnel decisions with respect to Defendant DLC Limo employees.

14.   At all relevant times herein, Defendant D'Agostino was and is the Fleet and Driver Manager of Defendant DLC Limo.   Defendant D'Agostino, on a day-to-day basis, directly supervised all of DLC Limo's drivers, and had significant input, subject to the Thorntons' approval, in determining employees' rates and methods of pay and hours worked. Furthermore, Defendant D'Agostino personally recommended to the Thorntons that DLC Limo hire Plaintiff, as well as personally recommended the hiring and firing of other drivers.

15.   At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and NYLL.   Additionally, DLC Limo's qualifying annual business exceeded and exceeds $500,000, as DLC Limo is engaged in interstate commerce within the meaning of the FLSA, as it operates a business shuttling passengers between airports and across state lines, the combination of which subjects Defendants to the FLSA's overtime and minimum wage requirements as an enterprise.   Furthermore, all of DLC Limo's employees, including Plaintiff and FLSA Plaintiffs, are required to drive clients across state lines, engaging in travel throughout New York, New Jersey, Connecticut, Pennsylvania, and various other states, as part of their jobs working for Defendants.   This independently subjects Defendants to the overtime and minimum wage requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

16.   Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and minimum wages, and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former drivers, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for overtime

5

compensation and/or minimum wages that are legally due to them
("FLSA Plaintiffs").

17.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid at an amount equal to the minimum hourly required rate of pay for each hour worked; and (6) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

18.     At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, and the minimum hourly required rate of pay for each hour worked, yet they purposefully and willfully chose and choose not to do so.

19.     Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, or at the minimum wage rate for each hour worked, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

20.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCRR.

21.     Under FRCP 23(b)(3), Plaintiff must plead that:

6

a.   The class is so numerous that joinder is impracticable;

b.   There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c.   Claims or defenses of the representative are typical of the class;

d.   The representative will fairly and adequately protect the class; and

e.   A class action is superior to other methods of adjudication.

22.   Plaintiff seeks certification of the following FRCP 23 class:

> Current and former drivers who worked for Defendants during the statutory period within the State of New York who: (1) did not receive compensation from Defendants at the legally-required minimum wage rate of pay for each hour worked; (2) did not receive compensation from Defendants at the legally-required overtime wage rate of pay for each hour worked over forty hours; (3) did not receive spread of hours pay as required by NYCCRR § 142-2.4; (4) were not provided with accurate statutorily-required wage statements on each payday pursuant to NYLL § 195(3); and/or (5) were not provided with accurate statutorily-required wage notices at the time of hire pursuant to NYLL § 195(1) ("Rule 23 Plaintiffs").

<u>Numerosity</u>

23.   During the previous six years, Defendants have, in total, employed at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

24.   There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked in excess of forty hours per week; (4) whether Defendants failed to pay Rule 23 Plaintiffs minimum wage for all hours worked; (5) whether Defendants

failed to pay Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty hours in a week; (6) whether Defendants failed to pay Rule 23 Plaintiffs spread of hours premiums for hours worked in excess of ten hours in a shift; (7) whether Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); (8) whether Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage notices at the time of hire containing the information required by N.Y. Lab. Law § 195(1); (9) whether Defendants kept and maintained accurate records of hours worked by Rule 23 Plaintiffs; (10) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (11) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (12) whether the Defendants actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; (13) if so, whether the Defendants' actions were in willful violation of the NYLL and supporting regulations; and (14) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

25.     As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants, as drivers, and Defendants paid them for their work at a rate less than the statutory minimum wage rate for each hour worked, and did not pay them overtime pay for all hours worked in a week over forty. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at least the statutory minimum wage for all hours worked, to receive overtime wages for all hours worked over forty hours, to receive spread-of-

8

hours pay when working shifts exceeding ten hours in a single day, and to be furnished with accurate wage statements on each payday and a proper wage notice upon hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiff and the Rule 23 Plaintiffs all have suffered injury including lack of compensation or under-compensation due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

26.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants.   Defendants did not pay Plaintiff overtime for all hours worked over forty hours in a week, the minimum wage for all hours worked, or spread of hours premiums, and did not furnish Plaintiff with accurate wage statements or notices, which is substantially similar to how Defendants paid the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

<u>Superiority</u>

27.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

9

28.     Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same.  Thus, separate litigation would risk inconsistent results.

29.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

30.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

## BACKGROUND FACTS

31.     Defendant DLC Limo is New York-based transportation company, which shuttles passengers to and from Newark Liberty International Airport, LaGuardia Airport, and John F. Kennedy International Airport, and also provides transportation services between other non-airport destinations in various states, such as New York, New Jersey, Connecticut and Pennsylvania.

32.     Defendants Chris and Michelle Thornton are the co-owners of the company who regularly oversee its day-to-day operations, and who are jointly responsible for all matters with respect to hiring, firing, disciplining, and determining employees' rates and methods of pay and hours worked.  Defendant John D'Agostino worked as DLC Limo's Fleet and Driver Manager, and was personally responsible for managing and supervising Plaintiff on a day-to-day basis, and was also responsible for personally recommending to the Thorntons that DLC Limo hire Plaintiff.

33.     In January 2013, Defendants hired Plaintiff as a driver, and employed him in this position until July 2013.

34.     As its name reflects, Plaintiff's primary duties consisted of driving Defendants' clients from and to various destinations throughout New York, Connecticut, New Jersey, and

occasionally other locations.  Primarily, Plaintiff drove Defendants' clients to and from airports to non-airport locations.

35.     Throughout his employment, Defendants required Plaintiff to work six-to-seven days a week, starting his workday at approximately 2:00 p.m. and working until anywhere from 1:00 a.m. to 3:00 a.m., without being permitted to take scheduled or uninterrupted breaks.  By approximation, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did routinely work, between sixty-six and ninety-one hours per week.

36.     For example, during the workweek of February 8, 2013 through February 15, 2013, Defendants required Plaintiff to work, and Plaintiff did work, from 2:00 p.m. until about 1:00 a.m. during all seven days that week, for a total of seventy-seven hours.

37.     As a second example, during the workweek of March 1, 2013 through March 7, 2013, Defendants required Plaintiff to work, and Plaintiff did work, from 2:00 p.m. until about 1:00 a.m. during all seven days that week, also for a total of seventy-seven hours.

38.     For each workweek that Plaintiff worked, Defendants paid Plaintiff a percentage of his passengers' fares and tips.  Accordingly, Defendants failed to pay Plaintiff a wage that had any relation to his hours whatsoever, and accordingly failed to pay Plaintiff at the applicable overtime rate for any hours that Plaintiff worked over forty in a workweek.

39.     By way of example only, for the bi-weekly pay period of March 18, 2013 through March 31, 2013, Plaintiff worked a total of approximately seventy-seven hours each week.  In exchange, Defendants paid Plaintiff $628.10 for commission and $474.52 in gratuity for this pay period.  Defendants failed to pay Plaintiff for any hours worked over forty at the applicable rate of time and one-half his straight-time rate.

40.     Defendants also failed to pay Plaintiff the statutorily-required minimum wage in certain weeks.  For example, during the aforementioned bi-weekly pay period of March 18, 2013 through March 31, 2013, Defendants paid Plaintiff $1,102.62.   Thus, dividing Plaintiff's compensation by the total hours worked during this pay period (one hundred and fifty-four hours), yields a regular rate of $7.15 per hour.

41.     Furthermore, during the weeks that Plaintiff's regular wage rate fell below the applicable minimum wage rate, the Defendants failed to compensate Plaintiff with an extra hour of pay for each day in which Plaintiff's spread of hours worked exceeded ten hours.

42.     Defendants paid Plaintiff on a bi-weekly basis.

43.     On each occasion when they paid Plaintiff, Defendants intentionally failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, or his straight and overtime rates of pay for all hours worked.

44.     Additionally, Defendants intentionally did not provide Plaintiff with a wage notice at the time of his hire that accurately contained, *inter alia*, Plaintiff's rates of pay and regular pay day as designated by the employer.

45.     Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described above.

46.     Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

47.     Each hour that Plaintiff worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
#### *Unpaid Overtime under the FLSA*

48.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49.     29 U.S.C. § 206(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

50.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

51.     Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

52.     Defendants willfully violated the FLSA.

53.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

54.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Minimum Wage Violations of the FLSA*

55.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

57.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

58.     As also described above, Defendants did not compensate Plaintiff and FLSA Plaintiffs at the minimum hourly rate required by the FLSA for every hour worked.

59.     Defendants willfully violated the FLSA.

13

60.     At the least, Plaintiff and FLSA Plaintiffs are entitled to payment at the minimum wage for every hour that they worked for Defendants pursuant to the FLSA's minimum wage provisions.

61.     Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCCRR*

62.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63.     NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

64.     Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

65.     Plaintiff and Rule 23 Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

66.     Defendants willfully violated the NYLL and the NYCCRR.

67.     Plaintiff and Rule 23 Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

68.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Minimum Wage Violations of the NYLL and the NYCCRR*

69.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70.     NYLL § 652(1) and the executing provisions of 12 NYCCRR § 142-2.1 *et seq.* prescribe a minimum wage that employers must pay to their employees for each hour worked.

71.     As described above, Defendants are employers within the meaning of the NYLL and NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and NYCCRR.

72.     As also described above, Defendants did not compensate Plaintiff and Rule 23 Plaintiffs at the minimum hourly rate required by the NYLL and NYCCRR for every hour worked.

73.     Defendants willfully violated the NYLL and the NYCCRR.

74.     At the least, Plaintiff and Rule 23 Plaintiffs are entitled to payment at the minimum wage for every hour that they worked for Defendants pursuant to the NYLL's and NYCCRR's minimum wage provisions.

75.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's minimum wage provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCCRR's Spread of Hours Requirement*

76.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

77.     NYLL § 652 and 12 NYCCRR § 142-2.5 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten hours.

78.     As described above, Defendants are employers within the meaning of the NYLL and NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and NYCCRR.

79.     Defendants failed to provide Plaintiff and Rule 23 Plaintiffs with spread of hours pay when Plaintiff's and Rule 23 Plaintiffs' spread of hours exceeded ten hours for a particular workday.

80.     Defendants willfully violated the NYLL and the NYCCRR.

81.     Plaintiff and Rule 23 Plaintiffs are entitled to this extra hour of pay, at the minimum wage rate, for all days in which they worked in excess of ten hours.

82.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay Plaintiff and Rule 23 Plaintiffs the required spread of hours pay.

## SIXTH CLAIM OF RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

83.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

84.     N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

85.     As described above, the Defendants, on each payday, willfully failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

86.     Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), the Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

87.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

88.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

89.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

90.     Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

91.     As described above, the Defendants willfully failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage notices at hire containing all of the criteria required under the NYLL.

92.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

93.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

94.     Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.     An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs, for participation in any form in this litigation;

d.     Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA

18

claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

       e.      Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

       f.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

       g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

       h.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

       i.      Designation of Plaintiff and his counsel as class/collective action representatives under the FRCP and the FLSA;

       j.      Pre-judgment and post-judgment interest, as provided by law; and

k.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       November 30, 2015

                                        Respectfully submitted,

                                        BORRELLI & ASSOCIATES, P.L.L.C.
                                        *Attorneys for Plaintiff*
                                        655 Third Avenue, Suite 1821
                                        New York, New York 10017
                                        (516) 248-5550


                                        By: _____
                                        JEFFREY R. MAGUIRE (JM 1982)
                                        ALEXANDER T. COLEMAN (AC 1717)
                                        MICHAEL J. BORRELLI, ESQ. (MB 8533)

20